IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAMERON BALLARD,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) ) Case No. 3:25-cv-1024-DWD |
| **ANTHONY WILLS, Warden, Menard Correctional Center,** | ) ) ) ) |
| **Respondent.** | ) ) |

**<u>MEMORANDUM & ORDER</u>**

**DUGAN, District Judge:**

Petitioner, an inmate at Menard Correctional Center, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. The Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

According to the Petition, Petitioner was convicted at a bench trial in the Circuit Court of Rock Island County of first-degree murder and the aggravated discharge of a firearm. (Doc. 1, pg. 1). He was sentenced to 50 years of imprisonment. (Doc. 1, pg. 1).

Petitioner filed a direct appeal of that conviction, arguing: (1) the State of Illinois failed to prove beyond a reasonable doubt that he shot Christian Rex; and (2) he was denied the effective assistance of counsel due to trial counsel's failure to file a motion to

suppress a witness's identification in a photographic lineup. (Doc. 1, pg. 2). The Illinois Appellate Court, Fourth District, affirmed the conviction on November 9, 2023, and the Supreme Court of Illinois denied leave to appeal on March 27, 2024. (Doc. 1, pgs. 2-3); *People v. Ballard*, 2023 IL App (4th) 230035-U; *People v. Ballard*, 232 N.E.3d 23 (Table) (2024).

Thereafter, Petitioner filed a postconviction petition in the Circuit Court of Rock Island County, claiming actual innocence and the ineffective assistance of counsel. (Doc. 1, pg. 4). Petitioner admits the postconviction petition remains pending. (Doc. 1, pg. 4). However, Petitioner accuses the Circuit Court of Rock Island County of inordinate delay in relation to the postconviction petition, stating it "is holding jurisdiction hostage by failing or refusing to acknowledge the existence of the petition as well as ignoring multiple letters of inquiry." (Doc. 1, pg. 5) (citing *Evans v. Wills*, 66 F.4th 681 (2024)).

In the Petition before this Court, Petitioner presents two grounds for relief. (Doc. 1, pgs. 5-8). First, he claims the ineffective assistance of counsel, noting "[t]he only issue at trial was the identity of the shooter[] and the State's case…hung entirely on LaCaela Williams' ability to identify" Petitioner. (Doc. 1, pg. 5). Petitioner further notes his "attorney argued that Williams was unreliable, and specifically attacked the photo lineup where she initially identified him, asserting it was influenced by her mother showing her a picture of Ballard immediately before it." (Doc. 1, pg. 5). However, Petitioner argues his attorney "failed to seek suppression of that lineup, and the State used it at trial." (Doc. 1, pg. 5). Finally, Petitioner indicates his "attorneys were further ineffective when their overconfidence in the State's inability to prove Ballard guilty resulted in Ballard being found guilty of [a] crime in which he was justified in committing." (Doc. 1, pg. 5).

Second, Petitioner claims actual innocence. (Doc. 1, pg. 7). In doing so, Petitioner admits that he shot Rex. (Doc. 1, pg. 7). Petitioner "avers that his actions were justified in that Rex not only aimed a gun at him, but fired it at him." (Doc. 1, pg. 7). Petitioner argues that fact was not presented at the bench trial as a matter of trial strategy due to the lack of supporting evidence; however, since the bench trial, "newly discovered evidence has surfaced supporting th[e] allegation." (Doc. 1, pg. 7). The Circuit Court of Rock Island County has allegedly "neglected to address th[e] claim for two years," and Petitioner "fears th[e] exculpating evidence may no longer be available." (Doc. 1, pg. 7).

Notably, on the timing of the Petition, Petitioner states as follows:

> Ballard anticipates that the respondent will file a MOTION TO DISMISS based on Ballard's failure to exhaust his state remedies. Ballard has no objection to such motion with the following caveat, (1) the motion to dismiss be without prejudice, and (2) either the Respondent or the Court assist Ballard with the pursuit of his state exhaustion requirements by contacting the 14th Judicial Circuit Court [of] Rock Island, Illinois, and demanding that Ballard's case be addressed with urgency.

(Doc. 1, pg. 11) (Emphasis in original omitted).

Here, given the limited record and argument available at this time, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading within 30 days, *i.e.*, on or before **June 27, 2025**. Petitioner then has until **July 28, 2025**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition.

Service on the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601, shall constitute sufficient service upon Respondent. Petitioner is **ADVISED** of the continuing obligation to keep the Clerk of the Court and Respondent apprised of changes in his whereabouts. Petitioner shall notify the Clerk of the Court and Respondent of any transfer or change of address, in writing, within 14 days. The failure to do so could result in a dismissal of the case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: May 28, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge